UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 23-cr-00109 (JEB) |
| | : |
| QUANTE WIGGINS, | : |
| | : |
| Defendant. | : |

**GOVERNMENT'S STATEMENT OF OFFENSES
IN SUPPORT OF GUILTY PLEA AND GUIDELINES CALCULATION**

I. **Elements of the Offenses**

The essential elements of Count 1, Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), each of which the Government must prove beyond a reasonable doubt, are:

1. That the defendant knowingly possessed the Glock Model 19, 9mm firearm, and 9mm ammunition;

2. That the firearm and ammunition had been shipped and transported in interstate commerce; and

3. That, at the time the defendant possessed the firearm and ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year and had knowledge of that fact.

## II. Penalties for the Offense

The penalty for Count 1, Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), is as follows:

1. a maximum term of imprisonment not greater than 10 years;
2. a fine not to exceed $250,000;
3. a term of supervised release of not more than three years, after any period of incarceration; and
4. a special assessment of $100.

## III. Factual Proffer

Had this case gone to trial, the Government's evidence would prove the following:

On May 17, 2022, officers with the Metropolitan Police Department (MPD) attempted a traffic stop of Mr. Quante Wiggins as he was driving a silver Nissan that was registered to him near the intersection of Florida Avenue and North Capitol Street NW, in Washington, D.C. Mr. Wiggins did not stop and attempted to flee. He stopped his vehicle in an alley adjacent to the unit block of N Street NW and fled from police on foot. As officers ran after Mr. Wiggins, he dropped a loaded Glock 19 semiautomatic firearm containing fourteen rounds of 9mm ammunition with one in the chamber. The firearm was fitted with a machine gun conversion device. Prior to dropping the firearm, the firearm was in Mr. Wiggins' possession.

In Mr. Wiggins' car, officers found 9 grams of cocaine base, multiple clear plastic bags, and medical gloves. Mr. Wiggins was also carrying $1,930 and a digital scale with white residue on the scale. Mr. Wiggins possessed the cocaine base with the intention of distributing it.

Prior to May 17, 2022, Mr. Wiggins had been convicted of a crime punishable by imprisonment for a term exceeding one year and had knowledge of that fact. Specifically, on September 25, 2018, Mr. Wiggins was convicted in D.C. Superior Court Case No. 2017 CF2 003940 for Carrying a Pistol Without a License.

The following statement of facts does not purport to include all the defendant's illegal conduct. It is intended to represent sufficient information for the Court to find a factual basis for accepting the defendant's guilty plea.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

/s/ Cameron A. Tepfer
Cameron A. Tepfer
D.C. Bar No. 1660476
Assistant United States Attorney
United States Attorney's Office
601 D. Street, NW
Washington, DC 20579

**DEFENDANT'S ACKNOWLEDGMENT**

I have read the Statement of Offense setting forth the facts related to my guilty plea to Count 1 of an information, charging me with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). I have discussed this proffer fully with my attorney, Diane Shrewsbury. I fully understand this proffer and I acknowledge its truthfulness, agree to it, and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 1/11/24

_____
Quante Wiggins

**ATTORNEY'S ACKNOWLEDGMENT**

I have read each of the pages constituting the Government's proffer of evidence related to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 1/11/24

_____
Diane Shrewsbury, Esq.
Counsel for Defendant

4